73422. HADDEN v. THE STATE.
(353 SE2d 532)

SOGNIER, Judge.

Appellant was convicted of two violations of the Georgia Controlled Substances Act by distributing marijuana and by possessing more than one ounce of marijuana.

1. Appellant contends the evidence is not sufficient to support his conviction of possession of marijuana because the State did not establish that he was in actual or constructive possession of marijuana. The evidence disclosed that a GBI agent posing as a "hit" man met with appellant to discuss killing the district attorney of the Dublin Judicial Circuit. After conclusion of this conversation appellant asked the agent if he wanted a little marijuana to carry back to Atlanta. The agent agreed and they drove to an area about one-fourth of a mile from the main highway, located either on appellant's land or abutting his land. Appellant directed the agent to exit the vehicle, lift up a piece of tar paper and take one of two sacks of marijuana that were under the tar paper. Appellant explained to the agent that the marijuana belonged to an unnamed person not present at the scene, and when appellant had asked that person previously if he could have a little bit of the marijuana, the unnamed person had told appellant to take one (sack) and leave the other.

Possession of marijuana may be actual or constructive, and the evidence here would authorize a jury to find that appellant, at the very least, was in constructive possession of the marijuana, since he exercised dominion and control over it. *Smith v. State,* 154 Ga. App. 190, 193 (6) (267 SE2d 826) (1980). This is evidenced clearly by appellant's statement that the unnamed person had given one of the two bags of marijuana to appellant. Thus, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by admitting evidence of similar offenses. Such evidence consisted of appellant's assaults

upon, and threats against, public officials, and was introduced in connection with a charge of attempted murder of which appellant was acquitted. Thus, any alleged error in relation to the admission of such evidence is moot, and even if erroneous, there could be no harm to appellant.

3. Appellant contends error in the court's failure to properly charge the statutory language proscribing distribution of marijuana. The court initially charged the jury that appellant was charged with violating the Georgia Controlled Substances Act in that he knowingly, unlawfully and with intent distributed a controlled substance. Subsequently, the court charged the jury that under the law of this State it is unlawful for any person to possess, have under his control, or possess with intent to distribute, marijuana. Appellant objected to this charge on the ground that appellant was not charged with possession with intent to distribute marijuana, and such a charge was not relevant. The court noted the objection but made no ruling thereon. After retiring to deliberate on findings of guilt or innocence, the jury returned to the courtroom and asked the court to give the jury a legal definition of what constitutes distribution of marijuana. The court then defined "distribute" as meaning the actual or constructive delivery of a controlled substance, and then stated: "I will read you the law I read to you. I charge you that it's unlawful for any person to possess, have under his control, deliver or possess with intent to distribute Marijuana."

It is clear from the court's statement to the jury that it would "read you the law I read [previously] to you" that in the court's original charge on distribution it inadvertently left out the word "deliver," i.e., it was a slip of the tongue. A mere verbal inaccuracy in a charge, which results from a palpable "slip of the tongue," and clearly could not have misled the jury, is not reversible error. *Caldwell v. State*, 167 Ga. App. 692, 695 (4) (307 SE2d 511) (1983). Even treating the charge as erroneous, no harm resulted to appellant because the court subsequently gave the correct charge on distribution of marijuana in response to the jury's request for a definition of "distribution of marijuana." Under such circumstances, we find no error.

4. Appellant contends error in denial of his request to reargue the case after the court gave the additional instructions discussed in Division 3. Appellant cites several cases to this court dealing with reargument, but all of the cases cited involve factual situations where the trial court had misled counsel as to the intended charge, advised a defendant that a charge would not be given and then included such a charge in its instructions, or had given a charge orally requested by the State without prior knowledge of the defendant. None of these factual situations is present in the instant case. Further, an examination of appellant's argument reveals that he argued the issue of distri-

bution, and argued that appellant's act of telling the agent to get one sack of marijuana did not constitute distribution because appellant did not deliver the marijuana to the agent. Thus, the trial court's correction of the charge and its definition of distribution did not introduce any new issue into the case which had not been argued previously. In all probability it was appellant's argument that his acts did not constitute distribution which prompted the jury's request for a definition of distribution of marijuana. The burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of constitutional or statutory rights, an appellate court will not reverse. *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983). We find no injury to appellant from the court's denial of his request to reargue. Hence, this enumeration of error is without merit.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 14, 1987 —
REHEARING DENIED JANUARY 28, 1987 —

*Richard T. Taylor*, for appellant.
*Joseph H. Briley, District Attorney, A. C. Martinez, Jr., Assistant District Attorney*, for appellee.