### A03A0553. TAYLOR v. THE STATE.
(581 SE2d 386)

RUFFIN, Presiding Judge.

A jury found Shep Taylor guilty of possessing marijuana with the intent to distribute and attempting to tamper with evidence. Taylor appeals, challenging the sufficiency of the evidence. He also asserts that the trial court erred in sentencing him as a recidivist and in denying his motion for new trial based upon newly discovered evidence. Finding the evidence sufficient and no error, we affirm.

1. In considering Taylor's contention that the evidence was insufficient, we view that evidence in a light most favorable to support the jury's verdict.[1] We do not weigh the evidence or assess witness credibility.[2] Instead, we merely determine whether the evidence is sufficient to meet the standard set forth in *Jackson v. Virginia*.[3]

(a) Viewed in this manner, the evidence shows that when police executed a search warrant on the Playhouse Game Room in Evans County, they found Taylor possessing a plastic sandwich bag containing 6.6 grams of marijuana. Some of the marijuana was packaged in three small ziplock bags, which an officer testified are "commonly referred to as dime bags." The sandwich bag also contained seven more empty "dime bags." Three officers with considerable narcotics experience testified that marijuana is typically packaged in this manner when it is intended for distribution. This evidence is sufficient to support Taylor's conviction for possessing marijuana with the intent to distribute.[4]

(b) After police discovered the marijuana, an officer placed the plastic bag on a pool table and Taylor was handcuffed. Shortly thereafter, another officer watched Taylor reach onto the pool table and attempt to slide the bag into one of the pool table pockets.

To sustain Taylor's conviction for attempting to tamper with evidence, it must be shown that he attempted to conceal evidence with

---

[1] See *Jarriel v. State*, 255 Ga. App. 305, 306 (1) (565 SE2d 521) (2002).
[2] See id.
[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] See *Leming v. State*, 235 Ga. App. 710, 711-712 (2) (510 SE2d 364) (1998).

the intent to obstruct the State's prosecution.[5] Contrary to Taylor's argument on appeal, the jury was not required to find that he merely "touched or bumped up against the bag of marijuana." The officer plainly testified that Taylor reached onto the pool table and tried to slide the bag into the pool table pocket. We also find no merit in Taylor's contention that his conviction was precluded by the fact that he had no reasonable ability to conceal the marijuana because he was handcuffed and surrounded by police officers. The test is whether Taylor performed any act which constituted a substantial step toward concealing the evidence, not whether he was likely to succeed.[6] The evidence was sufficient for a jury to infer that Taylor tried to hide the bag of marijuana in the pool table pocket.[7]

2. We also find no merit in Taylor's assertion that the trial court erred in sentencing him as a recidivist. The record contains certified copies of five previous felony convictions. In four instances, Taylor pled guilty to the offenses while he was represented by counsel. Taylor alleges that the trial court in this case erred in admitting the convictions for recidivist purposes because the pleas were not entered into knowingly and voluntarily and because he was represented by ineffective counsel. Once the State established the existence of the pleas and that Taylor was represented by counsel, however, the burden shifted to him "to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea[s]."[8] Inasmuch as Taylor failed to produce any such evidence, the trial court did not err in accepting the pleas as evidence of recidivism.[9]

3. Finally, Taylor asserts that the trial court erred in denying his motion for new trial based on newly discovered evidence. Taylor contends that he did not know the marijuana he possessed was packaged in small plastic bags which, as discussed above, was indicative of an intent to distribute. He claims that he never "looked inside the package" and that "[a]t the time of trial, he was unable to identify the person who sold him the marijuana on that night." We find no error.

If Taylor is to be granted a new trial based on newly discovered evidence, he must show:

> (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence

---

[5] See OCGA §§ 16-4-1 (defining criminal attempt); 16-10-94 (a) (defining tampering with evidence).

[6] See OCGA § 16-4-1.

[7] See *Chastain v. State*, 255 Ga. 723, 725 (4) (342 SE2d 678) (1986); *Phillips v. State*, 242 Ga. App. 404, 405 (530 SE2d 1) (2000).

[8] *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999).

[9] See id. at 285-286.

that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. Failure to show one requirement is sufficient to deny a motion for new trial.[10]

In this case, the trial court conducted an evidentiary hearing on Taylor's motion for new trial. But the hearing transcript is not included in the appellate record. Accordingly, Taylor "has failed to carry his burden of showing error in the trial court's ruling, and we must presume that it was correct."[11]

Judgment affirmed. Smith, C. J., and Miller, J., concur.

DECIDED APRIL 15, 2003.

Samuel G. Oliver, for appellant.

J. Thomas Durden, Jr., District Attorney, Joe G. Skeens, Assistant District Attorney, for appellee.

[10] *Carter v. State*, 273 Ga. 428, 429 (2) (541 SE2d 366) (2001).
[11] *Carpenter v. Parsons*, 186 Ga. App. 3, 5 (4) (366 SE2d 367) (1988). See also *White v. State*, 180 Ga. App. 185 (2) (348 SE2d 728) (1986).