W. EUGENE DAVIS, Circuit Judge:
Defendant-Appellant Juan Francisco Martinez-Lugo appeals from the district court’s application of a 16-level sentence enhancement pursuant to U.S.S.G. ¶ 2L1.2(b)(l)(A)(i) for his having been removed following a conviction for a drug trafficking offense for which the sentence was greater than 13 months based upon Martinez’s 2002 Georgia conviction for possession with intent to distribute marijuana. For the reasons set out below, we VACATE the sentence and REMAND.
FACTS AND PROCEEDINGS
Martinez-Lugo was charged in an indictment with being unlawfully present in the United States following removal. He pleaded guilty to the indictment without the benefit of a written plea agreement. In the Presentence Report (“PSR”), the Probation Office determined that Martinez-Lugo’s base offense level was eight. It applied a 16-level enhancement pursuant to U.S.S.G. ¶ 2L1.2(b)(l)(A)(i) for having been removed following a conviction for a drug trafficking offense for which the sentence was greater than 13 months. The recommendation was based on Martinez-Lugo’s 2002 Georgia conviction for possession with intent to distribute marijuana, for which Martinez-Lugo was sentenced to five years of imprisonment with two of those years probated.
Applying a two-level reduction for acceptance of responsibility, the Probation Office determined that Martinez-Lugo’s total offense level was 22. Based upon Martinez-Lugo’s total offense level of 22 and criminal history category of IV, it calculated that his guidelines sentence range was 63-78 months of imprisonment and that his guidelines sentence range would be 57-71 months of imprisonment if he were granted an additional one-level reduction for acceptance of responsibility. As an attachment to the PSR, the Probation Office included the accusation, guilty plea documentation, and final judgment from Martinez-Lugo’s 2002 conviction, and those documents showed that MartinezLugo had been convicted under Ga.Code Ann. § 16 — 13—30(j)(l) (2002).
When the case was first called for sentencing, Martinez-Lugo raised an objection to the 16-level enhancement on the ground that his prior Georgia conviction did not qualify as a “drug trafficking offense” under the Supreme Court’s reasoning in Moncrieffe v. Holder, — U.S. -, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013). The district court granted Martinez-Lugo a continuance, and he subsequently filed a written objection to the PSR on that basis.
The district court overruled MartinezLugo’s objection. The Government moved for the additional one-level reduction for acceptance of responsibility, and the district court granted the motion. The district court additionally ruled that. Martinez-Lugo’s criminal history category was “artificially exaggerated” and that a criminal history category of III was more accurate. Based upon a total offense level of 21 and criminal history category of III, it determined that Martinez-Lugo’s guidelines sentence range was 46-57 months of imprisonment. It sentenced MartinezLugo to 46 months of imprisonment without a term of supervised release. Martinez-Lugo filed a timely notice of appeal on the basis that the district court misapplied the 16-level sentence enhancement for a “drug trafficking offense” under § 2L1.2(b)(l)(A)(i).
STANDARD OF REVIEW
Martinez-Lugo is not the first appellant to argue that, following Moncrieffe, *681 a conviction “for giving away or offering to give away [ie., for no remuneration] a controlled substance” does not constitute “a drug trafficking offense under ... § 2L1.2(b)(l)(A)(i).”[1] He is, however, the first to have preserved the error by raising the objection at the district court, so we are not limited to plain error review, which must deny relief where, as here, “the issue is subject to reasonable debate and the error is not readily apparent.”[2]
Because Martinez-Lugo preserved his objection to the sentence enhancement, “[w]e review the district court’s interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error.”[3] “We review a district court’s conclusion that a prior state conviction constitutes a drug trafficking offense de novo.”[4]
DISCUSSION
On appeal, Martinez-Lugo renews his argument that his prior conviction under Ga.Code Ann. § 16 — 13—30(j)(1) (2002) does not constitute a “drug trafficking offense” for purposes of applying the sentence enhancement of § 2L1.2(b)(1)(A)(i). Martinez-Lugo points to the Supreme Court’s emphasis in Moncrieffe that “trafficking” generally requires remuneration,[5] and he argues that the Georgia statute is overbroad because it also criminalizes possession with intent to distribute for no remuneration.[6] On the other hand, the Application Note to § 2L1.2(b)(1)(A)(i) seems to define as a “drug trafficking offense” precisely the type of conviction at issue here.
Section 2L1.2(b)(l)(A)(i) provides:
(b) Specific Offense Characteristic
(1) Apply the Greatest:
If the defendant previously was deported, or unlawfully remained in the United States, after—
(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; ... increase by 16 levels if the conviction receives criminal history points under Chapter Four .... [7]
Section 2L1.2(b)(l)(A)(i) itself does not define “drug trafficking offense,” but the *682 Application Note to § 2L1.2(b)(l)(A)(i) states:
“Drug trafficking offense” means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.[8]
The Georgia statute under which Martinez-Lugo was convicted provides:
(j)(l) It is unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana,[9]
We must determine whether the Georgia statute, which on its face seems to fall directly within the Application Note to § 2L1.2(b)(l)(A)(i), is in fact a “drug trafficking offense” subject to the 16-level enhancement.
I. Categorical and Modified Categorical Approaches
To determine whether, a prior conviction qualifies as a drug trafficking offense, this court employs the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), comparing the elements of the prior offense — rather than the facts underlying the conviction — with the definition of a “drug trafficking offense” under § 2L1.2(b)(l)(A).[10] “Where the record does not make clear the offender’s offense and conviction, courts must ensure that the least culpable act that violates the statute constitutes a drug-trafficking offense. Accordingly, our inquiry centers on whether the least-culpable act that would violate [the state statute] would also qualify as ‘drug trafficking’ for purposes of § 2L1.2.”[11]
If the statute at issue has disjunctive elements, this court may apply a modified categorical approach to ascertain which of the disjunctive elements formed the basis of the conviction.[12] In making this determination, this court may consider “the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.”[13] If the statute cannot be narrowed, this court considers “whether the least culpable act constituting a violation of that statute constitutes” a drug trafficking offense for purposes of § 2L1.2(b)(l)(A)(i).[14]
Martinez-Lugo does not dispute that his prior conviction was a felony under Georgia law, that he received criminal history points, or that the sentence imposed exceeded 13 months. Additionally, the parties agree that the Shepard documents only narrow down Martinez-Lugo’s prior conviction to a conviction for possession of marijuana with intent to distribute under Ga.Code Ann. § 16-13-30(j)(l). On its *683 face, this would not seem to be a problem because, as noted above, the Application Note to § 2L1.2(b)(l)(A)(i) explicitly defines “drug trafficking offense” to include “possession of a controlled substance ... with intent to ... distribute.” Thus, this appears at first blush to be an easy case. It is not so.
We must give great weight to the commentary to the Guidelines, such as the Application Note at issue here, particularly where it interprets a Guideline. Indeed, “[fjailure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal.”[15] That deference is not limitless, however: ‘We have reason to avoid giving effect to an interpretive or explanatory application note only if we determine that the note ‘is inconsistent with, or a plainly erroneous reading of the Guideline.”[16] In essence, Martinez-Lugo argues that, following the Supreme Court’s opinion in Moncrieffe, there is now an irreconcilable tension between § 2L1.2(b)(l)(A)(i)’s simple requirement of a “drug trafficking offense” and the Application Note’s inclusion of “possession with intent to distribute” within the definition of that term.
II. Moncrieffe and “Trafficking”
In Moncrieffe, the Supreme Court addressed whether a conviction for possession with intent to distribute marijuana under the same Georgia statute at issue here, Ga.Code Ann. § 16 — 13—30(j)(l), constituted an “aggravated felony” under 8 U.S.C. § 1227(a)(2)(A)(iii) such that the defendant was deportable and ineligible for discretionary relief under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.[17] Specifically, the Court considered the “aggravated felony” of “illicit trafficking in a controlled substance” under 8 U.S.C. § 1101(a)(43)(B), which includes certain nested statutory definitions:
The INA defines “aggravated felony” to include a host of offenses. § 1101(a)(43). Among them is “illicit trafficking in a controlled substance.” § 1101(a)(43)(B). This general term is not defined, but the INA states that it “includ[es] a drug trafficking crime (as defined in section 924(c) of title 18).” Ibid. In turn, 18 U.S.C. § 924(c)(2) defines “drug trafficking crime” to mean “any felony punishable under the Controlled Substances Act,” or two other statutes not relevant here. The chain of definitions ends with § 3559(a)(5), which provides that a “felony” is an offense for which the “maximum term of imprisonment authorized” is “more than one year.” The upshot is that a noncitizen’s conviction of an offense that the Controlled Substances Act (CSA) .makes punishable by more than one year’s imprisonment will be counted as an “aggravated felony” for immigration purposes. A conviction under either state or federal law may qualify, but a “state offense constitutes a ‘felony punishable under the Controlled Substances Act’ only if it proscribes conduct punishable as a felony under that federal law.” Lopez v. Gonzales, 549 U.S. 47, 60, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).[18]
Thus in Moncrieffe, the Supreme Court addressed whether the Georgia statute constituted “illicit trafficking in a con *684 trolled substance,” but the statutory-scheme required application of the CSA, which treats as a misdemeanor, under 21 U.S.C. § 841(b)(4), “distributing a small amount of marihuana for no remuneration.” In Moncrieffe, the Supreme Court, applying the categorical test, concluded that a conviction under Ga.Code Ann. § 16 — 13—30(j)(l) for possession with intent to distribute marijuana does not necessarily constitute an “aggravated felony” under the CSA because it also criminalizes the possession of a small amount of marijuana or distribution for no remuneration:
A conviction under the same Georgia statute for “sell[ing]” marijuana, for example, would seem to establish remuneration. The presence of remuneration would mean that paragraph (4) is not implicated, and thus that the conviction is necessarily for conduct punishable as a felony under the CSA (under paragraph (1)(D)). In contrast, the fact of a conviction for possession with intent to distribute marijuana, standing alone, does not reveal whether either remuneration or more than a small amount of marijuana was involved. It is possible neither was; we know that Georgia prosecutes this offense when a defendant possesses only a small amount of marijuana, see, e.g., Taylor v. State, 260 Ga.App. 890, 581 S.E.2d 386, 388 (2003) (6.6 grams), and that “distribution” does not require remuneration, see, e.g., Hadden v. State, 181 Ga.App. 628, 628-629, 353 S.E.2d 532, 533-534 (1987). So Moncrieffe’s conviction could correspond to either the CSA felony or the CSA misdemeanor. Ambiguity on this point means that the conviction did not “necessarily” involve facts that correspond to an offense punishable as a felony under the CSA. Under the categorical approach, then, Moncrieffe was not convicted of an aggravated felony.[19]
Thus, the Court concluded, conviction under Ga.Code Ann. § 16 — 13—30(j)(l) cannot qualify as the “aggravated felony” of “illicit trafficking in a controlled substance” under the INA and therefore does not result in mandatory deportation. The Court went on to address the Government’s arguments against the Court’s approach, but at the very end of the opinion the Court paused to make a broader observation:
This is the third time in seven years that we have considered whether the Government has properly characterized a low-level drug offense as “illicit trafficking in a controlled substance,” and thus an “aggravated felony.” Once again we hold that the Government’s approach defies “the ‘commonsense conception’ ” of these terms. Carachuri-Rosendo, 560 U.S., at [272-75], 130 S.Ct., at 2584-2585 (quoting Lopez, 549 U.S., at 53, 127 S.Ct. 625). Sharing a small amount of marijuana for no remuneration, let alone possession with intent to do so, “does not fit easily into the ‘everyday understanding’ ” of “trafficking, ” which “ ‘ordinarily ... means some sort of commercial dealing.’” Carachuri-Rosendo, 560 U.S., at [272-75], 130 S.Ct., at 2584-2585 (quoting Lopez, 549 U.S., at 53-54, 127 S.Ct. 625). Nor is it sensible that a state statute that criminalizes conduct that the CSA treats as a misdemeanor should be designated an “aggravated felony.” We hold that it may not be. If a noncitizen’s conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA. The contrary judgment of the Court of Appeals is *685 reversed, and the case is remanded for further proceedings consistent with this opinion.[20]
III. Resolving the Tension
In essence, Martinez-Lugo argues that we should apply the Supreme Court’s definition of “trafficking” from Moncriejfe to U.S.S.G. § 2L1.2(b)(1)(A)(i)’s sentence enhancement for a “drug trafficking offense” and refuse to apply the enhancement in this case because, as the Supreme Court noted in Moncriejfe, conviction under Ga. Code Ann. § 16-13-300(1) does not necessarily require remuneration. We agree.
The holding of Moncriejfe does not control this case, but the Court’s commonsense reading of the word “trafficking” is highly persuasive, especially considering the context in which it was decided. Moncriejfe was decided under the INA, which provides by statute a penalty for “illicit trafficking in a controlled substance” and defines that term by referring to the CSA. The Court’s analysis was explicitly based on the provisions of the CSA, and it could have stopped at that level. Nevertheless, in the closing passage of the opinion the Court offered a strong indication that it viewed “trafficking,” in its ordinary sense, to require remuneration of some kind. Thus, the result it reached under the CSA’s framework — refusing to find “illicit trafficking” where a defendant might be convicted under the statute for possession with intent to distribute small amounts of marijuana for no remuneration — was in harmony with the “commonsense conception” of “trafficking.”
In this case, the enhancement is established not under the INA and statutes but under U.S.S.G. § 2L1.2(b)(l)(A)(i), which imposes a 16-level enhancement for “drug trafficking offense for which the sentence imposed exceeded 13 months.” The Guideline itself does not define “drug trafficking offense” further, and no statute or other Guideline provides a controlling definition of the term. The only purported definition is found in the Application Note, which includes within the definition “possession of a controlled substance ... with intent to ... distribute.”
As illustrated by Moncriejfe, possession with intent to distribute under the Georgia statute may also include distribution for no remuneration. Thus, the Application Note included within the definition of “drug trafficking offense” possession with intent to distribute for no remuneration. Therefore, the Application Note’s purported definition of “trafficking” conflicts with “the everyday understanding of ‘trafficking,’ which ordinarily ... means some sort of commercial dealing.”[21] As noted above, although we ordinarily apply the commentary to a Guideline as written, the language of the Guideline itself must control in the event of a conflict.[22] Accordingly, we hold that Martinez-Lugo’s conviction under Ga.Code Ann. § 16-13-300(1), which did not necessarily require remuneration, cannot support the 16-level sentence enhancement under § 2L1.2(b)(l)(A)(i) for a “drug trafficking offense,” which according to the Supreme Court in Moncriejfe requires remuneration, notwithstanding *686 anything in the Application Note to the contrary.
CONCLUSION
For the reasons set out above, we conclude that the district court misapplied U.S.S.G. § 2L1.2(b)(l)(A)(i). MartinezLugo’s 2002 Georgia conviction for possession with intent • to distribute marijuana cannot support the 16-level sentence enhancement for a “drug trafficking offense.” Accordingly, we VACATE the sentence and REMAND for further proceedings consistent with this opinion.

. United States v. Perez-Melgarejo, 552 Fed. Appx. 327, 328 (5th Cir.2014); see also United States v. Gomez-Martinez, 566 Fed.Appx. 308 (5th Cir.2014), and United States v. Cortes-Tolentino, 577 Fed.Appx. 388 (5th Cir.2014).

. Perez-Melgarejo, 552 Fed.Appx. at 328. Even under plain error review, we have vacated a sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) where the state statute clearly exceeded the list of prohibited behavior set out in the Application Note to the Guideline. See United States v. Garza-Lopez, 410 F.3d 268 (5th Cir.2005) (vazcating sentence where the California statute at issue plainly included elements not listed in the then-current version of the Application Note to § 2L1.2(b)(1)(A)(i)).

. United States v. Baker, 742 F.3d 618, 620 (5th Cir.2014) (citing United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008)).

. United States v. Lopeź-Salas, 51-3 F.3d 174, 178 (5th Cir.2008) (citing United States v. Gutierrez-Ramirez, 405 F.3d 352, 355-56 (5th Cir.2005)).

. See Moncrieffe, 133 S.Ct. at 1693.

. As the Supreme Court recognized in Moncrieffe when analyzing the same Georgia statute, “we know that Georgia prosecutes this offense when a defendant possesses only a small amount of marijuana ... and that 'distribution' does not require remuneration, see, e.g., Hadden v. State, 181 Ga.App. 628, 628-629, 353 S.E.2d 532, 533-534 (1987).” Id. at 1686.

. U.S.S.G. § 2L1.2(b)(1)(A)(i).

. U.S.S.G. § 2L1.2(b)(1)(A)(i), Application Note § 1(B)(iv) (emphasis added).

. Ga.Code Ann. § 16-13 — 30(j)(1) (2002) (emphasis added).

. United States v. Reyes-Mendoza, 665 F.3d 165, 166-67 (5th Cir.2011).

. Id.

. United States v. Miranda-Ortegon, 670 F.3d 661, 663 (5th Cir.2012).

. Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

. United States v. Moreno-Florean, 542 F.3d 445, 449 (5th Cir.2008) (internal quotation marks and citations omitted).

. U.S.S.G. § 1B1.7.

. United States v. Pringler, 765 F.3d 445, 452-53 (5th Cir.2014) (citing Stinson v. United States, 508 U.S. 36, 38, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993)).

. 133 S.Ct. at 1682.

. Id. at 1683.

. Id. at 1686-87 (emphasis added).

. Id., at 1693-94 (emphasis added).

. Id. at 1693 (citation and some internal quotation marks omitted).

. Stinson, 508 U.S. at 43, 113 S.Ct. 1913 ("It does not follow that commentary is binding in all instances. If, for example, commentary and the guideline it interprets are inconsistent in that following one will result in violating the dictates of the other, the Sentencing Reform Act itself commands compliance with the guideline. See 18 U.S.C. §§ 3553(a)(4), (b).”).