## A05A0005. CAPERS v. THE STATE.
### (615 SE2d 126)

JOHNSON, Presiding Judge.

Darrius Capers was tried by a jury and found guilty of distributing cocaine and using a communication facility to facilitate a violation of the Georgia Controlled Substances Act ("GCSA"). He appeals from the convictions entered on the verdict, contending the evidence was insufficient to support the verdict, and that he was denied effective assistance of trial counsel. We affirm his convictions.

1. Capers' challenge to the sufficiency of the evidence is without merit. On appeal from a criminal conviction, the evidence is construed in a light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] This Court does not reweigh the evidence or judge the credibility of witnesses, but only determines whether the evidence is sufficient under the standard set forth in *Jackson v. Virginia.*[2] So long as there is some competent evidence to support each element of the state's case, the verdict will be upheld.[3]

---

[6] See id. at 817-818.

[1] *King v. State,* 268 Ga. App. 707, 707-708 (603 SE2d 54) (2004).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *King,* supra.

[3] *King,* supra.

So viewed, the evidence shows that a confidential informant agreed to assist the sheriff's department in a controlled drug buy. Using a phone number he already had, the informant telephoned Capers, who he knew as "D," and asked to buy $50 worth of cocaine. Capers told the informant to meet him at Capers' apartment, and the men ended the conversation. Because the sheriff's deputy would not be able to observe the activity at the apartment, the informant paged Capers so an alternate meeting place could be arranged. Capers called the informant back, and they arranged to meet at a Shell gas station. Capers instructed the informant to stand at the gas station pay telephone and pretend to use the phone while he waited. A tape recording and transcript of those conversations were admitted into evidence. The informant identified the voices on the tape as belonging to him and Capers. The informant also identified Capers as the man he knew as "D," and positively identified Capers as the man involved in the transaction.

One of the deputies searched the informant to make sure he did not have any drugs in his possession, then drove the informant to the gas station. The deputy parked the car a few feet from the phone booth, and the informant got out of the car and stood near the phone. When Capers arrived, the informant approached him. The deputy knew Capers and Capers knew him, so the deputy leaned his seat back and behind the car's door post so that Capers would not see him. The deputy watched as Capers handed an object to the informant. The informant attempted to give Capers the money, but Capers told him to leave the money on top of the pay phone. The informant returned to the car and handed the deputy three pieces of crack cocaine, and the men left. Capers was arrested moments later. The deputy testified that a pager taken from Capers at the time of his arrest was the same one the informant used in setting up the drug deal.

Capers points out that there is no evidence that he ever removed the money from the top of the phone booth, and that he had no marked money in his possession when he was arrested. However, the offense of distribution of cocaine does not require that the offender receive a payment. The GCSA provides that to "distribute" a drug is to deliver it.[4] The informant and the deputy testified that Capers delivered the cocaine to the informant. The evidence was sufficient.[5]

Although Capers makes no specific argument challenging this conviction, the evidence was also sufficient to prove Capers used a communication facility to facilitate the violation of the GCSA.

---

[4] OCGA § 16-13-21 (11).

[5] See generally *Page v. State*, 198 Ga. App. 338, 339 (1) (401 SE2d 564) (1991).

OCGA § 16-13-32.3 (a) provides, in relevant part, that it shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under the GCSA. The Code section provides that the term "communication facility" includes any instrument used in the transmission of signals or sounds, including the telephone and all other means of communication.

In this case, the indictment charged Capers with using a communication facility, namely a pager, to facilitate a violation of the GCSA. The evidence shows that when the informant paged Capers, Capers responded to the page with a phone call and made plans to deliver cocaine to the informant. Thus, the pager was an instrument used to transmit signals to aid in the distribution of cocaine. The evidence was sufficient for a rational trier of fact to find Capers guilty beyond a reasonable doubt of the charged offense.[6]

2. Capers claims he was denied effective assistance of counsel because his attorney failed to object to leading questions propounded by the state. This enumeration presents no grounds for reversal.

In order to establish ineffective assistance of counsel, an appellant must show that trial counsel's performance was deficient and that but for the deficiency a reasonable probability existed that the result of the trial would have been different.[7] A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless it is clearly erroneous.[8]

Capers takes issue with the following questions by the state: (a) [To deputy:] "Well, what I'm trying to get at: Were you trying to hide your head or hold it back from the door post, stuff like that?" (b) "And since you didn't know who was coming up, that's why you were driving the car." (c) "Was he seated next to you or at the phone booth?" (d) "From what I gathered from cross, that you saw the transaction that occurred between Mr. Capers and [the informant]?" (e) "You saw the hands move." (f) [To informant:] "And what did he do before ya'll got in the car? Did he search you or anything?"

First, we do not agree that counsel was deficient for failing to object to the questions at issue. Some of the questions were not leading, inasmuch as the question did not suggest the answer.[9] For example, regarding (c), Capers could have answered that he was either in the car or at the phone booth, or even given some other

[6] See *Hunt v. State*, 196 Ga. App. 694, 696 (3) (396 SE2d 802) (1990).

[7] *Reynolds v. State*, 269 Ga. App. 268, 271 (2) (603 SE2d 779) (2004).

[8] *Lindo v. State*, 218 Ga. App. 756, 758 (2) (463 SE2d 148) (1995).

[9] See *Ealey v. State*, 139 Ga. App. 110, 111 (227 SE2d 902) (1976).

answer. Other questions had answers that were obvious or were answered by the witness or other witnesses.[10] For example, regarding question (a), the deputy had already testified that Capers was trying to look at him and that he had leaned his seat back to the door post so that Capers would not recognize him. And, the deputy had already testified that he saw the participants' hands and watched the transaction occur, issues raised by (d) and (e). The deputy also testified that he searched the informant before the transaction occurred, which was the same fact alluded to in question (f). Other questions were simply not important to the prosecution of the case, such as (b), regarding the reason the deputy was driving the car.

Secondly, even if the failure to object to these questions rendered trial counsel's representation deficient, Capers has not demonstrated how the outcome of the trial would have been different had counsel objected.[11] The trial court's holding that Capers was not denied effective assistance of counsel was not clearly erroneous.

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 12, 2005 —
RECONSIDERATION DENIED MAY 25, 2005 — ▆▆▆▆▆▆

*Ronald L. Beckstrom*, for appellant.

Darrius L. Capers, *pro se.*

*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellee.

---

[10] See generally *Riley v. State*, 268 Ga. 640, 642 (2) (d) (491 SE2d 802) (1997).

