# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS PEREZ-MELGAREJO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1555-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Luis Perez-Melgarejo appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States after deportation in violation of 8 U.S.C. § 1326. He contends that the district court plainly erred when it enhanced his sentence based on a finding that his 2011 Missouri conviction for possession with intent to distribute, deliver, or sell more than five grams of marijuana was a felony drug trafficking offense for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purposes of U.S.S.G. § 2L1.2(b)(1)(A)(i).  Relying on the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), as well as our decision in *United States v. Garza-Lopez*, 410 F.3d 268 (5th Cir. 2005), Perez-Melgarejo argues that the Missouri statute under which he was convicted is broader than the drug trafficking offense definition set forth in the commentary to § 2L1.2 because the statute criminalizes the possession of a small amount of marijuana with the intent to give it away or offer to give it away to another person for no remuneration.  Because the state court documents did not narrow his conviction to a qualifying drug trafficking offense, he argues that the district court's application of the § 2L1.2(b)(1)(A)(i) enhancement was a clear and obvious error.

Perez-Melgarejo did not object to the § 2L1.2(b)(1)(A)(i) enhancement in the district court.  Our review therefore is for plain error.  *See United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005).  To show plain error, Perez-Melgarejo must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Section 2L1.2(b)(1)(A)(i) provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 16 levels if the defendant was deported after a conviction for a felony drug trafficking offense for which the sentence imposed exceeded 13 months, if the conviction receives criminal history points.  § 2L1.2(b)(1)(A)(i).  The commentary to § 2L1.2 defines a drug trafficking offense as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a

controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." § 2L1.2, comment. (n.1(B)(iv)).

The state court documents provide that on April 1, 2011, Perez-Melgarejo was convicted of possession with intent to distribute, deliver, or sell more than five grams of marijuana in violation of MO. ANN. STAT. § 195.211(1) and (3). For purposes of § 195.211, the term "distribute" means "to deliver other than by administering or dispensing a controlled substance." MO. ANN. STAT. § 195.010(12). The term "deliver" means "the actual, constructive, or attempted transfer from one person to another of drug paraphernalia or of a controlled substance, or an imitation controlled substance, whether or not there is an agency relationship, and includes a sale." § 195.010(8). Finally, the term "sale" includes a "barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee." § 195.010(38).

In *Garza-Lopez*, we vacated the defendant's sentence and remanded because the California statute at issue criminalized activity that did not fall within the definition of a drug trafficking offense under § 2L1.2. *Garza-Lopez*, 410 F.3d at 274-75. Specifically, we concluded that the statute was broader than the drug trafficking offense definition set forth in the commentary to § 2L1.2 because the statute criminalized "the transportation of a controlled substance for personal use and offers to transport, sell, furnish, administer, or give away a controlled substance." *Id.* at 274. Because the district court did not have appropriate documents upon which it could have relied on to determine whether the defendant had been convicted of a drug trafficking offense, we held that the district court's application of the § 2L1.2(b)(1)(A)(i) enhancement amounted to plain error. *Id.* at 275.

No. 13-40157

After our decision in *Garza-Lopez*, the United States Sentencing Commission amended § 2L1.2's definition of a drug trafficking offense to include offers to sell a controlled substance.  § 2L1.2, comment. (n.1(B)(iv)); *United States v. Marban-Calderon*, 631 F.3d 210, 211-12 (5th Cir. 2011).  We have not conclusively answered the question of whether a conviction for giving away or offering to give away a controlled substance constitutes a drug trafficking offense under the post-2008 version of § 2L1.2.  Further, the Supreme Court's decision in *Moncrieffe* addressed whether an alien's Georgia conviction for possession with intent to distribute 1.3 grams of marijuana qualified as an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(B), *Moncrieffe*, 133 S. Ct. at 1683-84, and we have yet to address *Moncrieffe's* effect, if any, on whether a conviction for sharing a small amount of marijuana for no remuneration qualifies as a drug trafficking offense under § 2L1.2(b)(1)(A)(i).  Because the issue is subject to reasonable debate and the error is not readily apparent, the district court's application of the § 2L1.2(b)(1)(A)(i) enhancement, if erroneous, did not rise to the level of a clear or obvious error.  *See United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).  Accordingly, Perez-Melgarejo cannot show plain error, and the district court's judgment is AFFIRMED.